c o p y



# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
XXXXXXXXXXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable G.A. Neal
County Auditor
Ellis County
Waxahachie, Texas

Dear Sir:

Opinion No. O-2138
Re: Allowance of jury fees.

        This will acknowledge receipt of your letter of March 27, 1940, in which you seek an opinion of this department on the question above referred to.  The pertinent parts of your letter are:

        "There is some doubt here as to just when a juror, under Art. 2122 of the Revised Civil Statutes, is or is not entitled to receive his pay, and I desire to submit to your for a ruling three questions which continually come up.

        "1.  Where a regular juror for the week, who has been duly selected by a Jury Commission, claims an excuse at the proper time in open court after having been first sworn and such excuse is granted by the court, is he entitled to receive the sum of three dollars ($3.00) for one day of service, even though he does not actually do any work or service as a juror and is never examined by any party to any pending case?

        "2.  When there are not enough jurors, from those selected by the Jury Commission, to try the case and the Sheriff, under the court's order, brings in enough talesmen or pickup urors to complete the jury, are the talesmen who are challenged or otherwise ex-cused, and who do not actually serve on the jury, en-titled to the statutory compensation for one day of service?

        "3.  Where talesmen are brought in by the Sheriff to complete a jury panel, but are never examined by the parties because the case is settled, but are actually sworn and qualified by the court, are such talesmen or pickup jurors entitled to pay under these circumstances? And would the fact that such talesmen, under such cir-cumstances, were inattendance during the greater part of the day make any difference in regard to their compensa-tion?"

        Article 2122 of the Revised Civil Statutes of Texas, 1925, reads:

"Each juror in the district or county court or county court at law shall receive three dollars for each day or fraction of a day that he may attend as such juror, to be paid out of the jury fund of the county by the county treasurer upon the certificate of the clerk of the court in which such service is rendered stating the service, when and by whom rendered, and the amount due therefor. Such certificates may be transferred by delivery and shall be receivable at par from the holder for all county taxes."

Article 1056, Code of Criminal Procedure, 1925, reads:

"Each juror in the district or criminal district court, county court, or county court at law, except special veniremen whose pay is now fixed by law, shall receive three dollars for each day and for each fraction of a day that he may attend as such juror, to be paid out of the jury fund of the county in which he may so serve. Jurors in justice courts who serve in the trial of criminal cases in such courts shall receive fifty cents in each case they sit as jurors, provided that no juror in such court shall receive more than one dollar for each day or fraction of a day he may serve as such juror. Grand jurors shall each receive three dollars for each day and for each fraction of a day that they may serve as such."

Article 1057, Code of Criminal Procedure, 1925, reads:

"One summoned who attends as a juror shall receive no pay as a juror if he has not been sworn as such in a case or for the term or week."

It is manifest from a reading of Article 1057, supra, that no pay can be given one summonded for jury service in a criminal case unless he be actually sworn in as a juror either for a specific case or for the week. We think it equally true that one summoned for a civil case must actually be sworn in as a juror before being entitled to pay. It naturally followsthat the pay of a juror begins as of the time of his taking the oath as such.

Referring to Articles 1056 and 2122, supra, it will be noted that a juror is to receive three dollars a day for each day or fractional part thereof that he may attend as such juror. The statutes do not require actual service in a particular case. The fact that a juror has qualified by taking the oath as such and is in actual attendance upon the court entitles him to pay for the time so spent.

In answer to your first question, you are advised that if the juror in question has been actually sworn in as a juror for a given case, week or term, and is thereafter dismissed the same day by the court, he is entitled to his pay for the one day.

In answer to your second question you are advised that the same rule established in our answer to your first question applies if the juror in question has actually been sworn in as a member of the jury panel irrespective of whether he actually served in a given case or not. It naturally follows that if he is excused prior to being sworn in as a member of the panel he is not entitled to collect the jury fee.

The answer heretofore made to your questions one and two apply with equal force to your third question. The right to claim the compensation provided by law does not depend upon the proportion of the day spent at the court house, but rather upon the proposition of whether or not they are sworn in as members of the members of the jury or jury panel.

Trusting that this answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By   s/ Lloyd Armstrong
Assistant

LA:AW:wc

APPROVED APRIL  23, 1940
s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/ BWB Chairman